UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>            -v.-<br><br>CARLOS BAEZ,<br><br>                         Defendant. | 22 Cr. 364 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

    Defendant Carlos Baez, who was sentenced in June 2023 principally to a term of time served followed by a term of three years' supervised release, has moved for early termination of his supervised release. (Dkt. #32). According to the United States Probation Office, Mr. Baez's term of supervised release commenced on June 2023, and is scheduled to expire in June 2026. In support of his request, Mr. Baez cites his positive, rehabilitative steps while on supervised release and certain impediments that supervised release poses to Mr. Baez's professional and personal long-term plans. (*Id.* at 5-7). The Court understands from Mr. Baez's supervising probation officer that she approves of Mr. Baez's request; the Government has submitted a letter in opposition. (Dkt. #33). For the reasons stated in the remainder of this Order, the Court approves Mr. Baez's request for early termination.

    Section 3583(e)(1) of Title 18 of the United States Code empowers a court to terminate a term of supervised release at any time after the expiration of one year of that term so long as the court determines that such action is warranted by the conduct of the defendant and is in "the interest of justice." 18 U.S.C. § 3583(e)(1). The court is required to consider the factors set forth in Sections

3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *Id.* § 3583(e). Put somewhat differently, the court is required to consider the factors in Section 3553(a) that "bear on 'deterrence, public safety, rehabilitation, proportionality, and consistency.'" *United States* v. *Gonzalez*, No. 94 Cr. 134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (quoting *United States* v. *Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)). The United States Sentencing Guidelines encourage courts "to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2, comment. n.5 (November 2024 manual).

As the Government observes (*see* Dkt. #33 at 2), "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release" (citing *United States* v. *Bouchareb*, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014)). *See also United States* v. *Wheeler*, No. 20 Cr. 492 (GHW), 2023 WL 4561591, at *1 (S.D.N.Y. July 17, 2023) ("Early termination 'is not warranted as a matter of course.'" (quoting *United States* v. *Fenza*, No. 03 Cr. 921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013))). However, courts have recognized that "changed circumstances" may make it appropriate for a court to reduce a term of supervised release. *Lussier*, 104 F.3d at 36. Those changed circumstances can include the "exceptionally good behavior by the defendant" on supervised release, which may "render a previously imposed term or condition of release ... too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Id.* However, "exceptionally good behavior" is not established simply by complying with the terms of supervised release. *See Fenza*, 2013 WL

3990914, at * 2 ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."). Conversely, new or changed circumstances are not required so long as a court considers the 18 U.S.C. § 3553(a) sentencing factors. *See United States* v. *Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).

Mr. Baez has complied fully with his conditions of supervised release for the approximately 27 months that he has been on supervised release. He has grown the contracting business, Emmanuel Industry, that he was running at the time of his arrest in this case. (Dkt. #32 at 5; *see also* PSR ¶¶ 62-64). He has moved his family to Nyack, New York, for safety and quality-of-life concerns (Dkt. #32 at 4-6), and aspires to relocate them to Pennsylvania or Maryland (*id.* at 5). He would also like to spend additional time with his ailing father in the Dominican Republic. (*Id.* at 6).

It is significant to the Court that the Probation Office supports the request for early termination. That said, the Court is aware of Mr. Baez's criminal history, which is discussed in the Government's opposition submission. (*See* Dkt. #33 at 1-2). However, at the time of Mr. Baez's sentencing, the Court acknowledged that it was taking a chance on him:

> As the sentencing judge, I am called upon to balance a number of factors. Some of these factors are punitive and retributive and some are more hopeful. I have to believe as a judge, and I do believe, that in appropriate circumstances, I am authorized to and I can and I should take a chance that someone's conduct, particularly after arrest, indicates that further

3

> incarceration would be counterproductive to the defendant and it would be counterproductive to society as a whole. I am taking that chance here, and I say that with absolute respect for the eloquence and the thoughtfulness of the government's arguments, but if all I did was put people in jail for guidelines range or worse sentences I, candidly, would be miserable. I have to take chances, and I am taking it here.

(Dkt. #29 at 29-30). Once again, the Court is being asked to take a chance on Mr. Baez, and once again it feels comfortable doing so. Accordingly, the Court GRANTS Mr. Baez's motion for early termination of supervised release, and will endorse the Probation Form 35 under separate cover.

SO ORDERED.

Dated: October 9, 2025
       New York, New York

                                             KATHERINE POLK FAILLA
                                             United States District Judge